UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID CSANADI,
    *Petitioner*,

         *v.*

UNITED STATES OF AMERICA,
    *Respondent.*

Civil No. 3:15-cv-459 (JBA)

September 9, 2022

### RULING ON PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

On June 3, 2016, Petitioner David Csanadi filed a motion [Doc. # 21] to alter or amend the Court's May 4, 2016 order [Doc. # 17] denying both his petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody and his motion to file the § 2255 petition outside of the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1] Among other arguments, Petitioner contends that the Court erred in denying his prior motion for extension of time to file the § 2255 petition. Petitioner also argues that he is entitled to relief on the merits of his § 2255 petition and seeks a certificate of appealability. For the following reasons, Petitioner's motion is denied.

**I.**    **Background**

On November 2, 2012, Petitioner pled guilty to production of child pornography in violation of 18 U.S.C. § 2251. (May 4, 2016 Order at 2.) Petitioner entered a conditional plea, "reserv[ing] his right to appeal from the judgment of conviction to review this Court's ruling filed August 31, 2012 (Document No. 39), denying his motion to suppress evidence (Document No. 15)." (*United States v. Csanadi*, No. 3:11cr239 (JBA), Plea Agmt. [Doc. # 44].)

---

[1] Respondent does not dispute that the motion for reconsideration, which was mailed on May 31, 2016, was timely filed under the "mailbox" rule. (Resp't's Mem. in Opp. [Doc. # 22] at 1, n.1.)

The Court sentenced him to 240 months imprisonment and 180 months supervised release. (*Id.* at 2-3.) The judgment became final on April 16, 2013. (*Id.* at 3.)

In June 2014, Petitioner filed a motion for extension of time to file his § 2255 petition.[2] (*Id.*; *United States v. Csanadi*, No. 3:11cr239 (JBA), Motion for Leave to File 2255 Petition Out of Time [Doc. # 69].) On February 24, 2015, the Court denied this motion for extension of time without prejudice on the grounds that because no § 2255 petition had been filed, the Court lacked jurisdiction to consider the motion for extension of time. (*Csanadi*, No. 3:11cr239 (JBA), Feb. 24, 2015 Order [Doc. # 72] at 2.)

On October 5, 2015, Petitioner filed both a § 2255 petition [Doc. # 2] and a motion for leave to file the § 2255 petition out of time [Doc. # 1], seeking to equitably toll several periods between the entry of final judgment and the date he filed the petition. (May 4, 2016 Order at 1.) The Court denied both. (*Id.*) In denying Petitioner's motion to file out of time, the Court concluded that Petitioner was not entitled to equitable tolling for the period between when he sent his 2014 motion for extension of time and when the motion was ruled on. (*Id.* at 9-10.) The Court explained that this motion [Doc. # 1] could not serve as a basis for equitable tolling because the Court had lacked jurisdiction to grant the motion. (*Id.* at 13.) The Court then denied Petitioner's § 2255 petition as time-barred under the AEDPA. (*Id.* at 16.) The Court also stated that the § 2255 petition would fail on the merits and a certificate of appealability was not warranted. (*Id.* at 16, 19.)

## II.   Legal Standard

A petitioner may move under Federal Rules of Civil Procedure Rule 59(e) to alter or amend an order denying § 2255 relief. *See Beras v. United States*, No. 05 CIV. 2678 SAS, 2013 WL 2420748, at *1 (S.D.N.Y. June 4, 2013) (explaining that while "entry of judgment under

---

[2] The motion was dated June 22, 2014 and is marked as received on June 27, 2014, but was apparently not docketed until November 3, 2014. (May 4, 2016 Order [Doc. # 17] at 4, n.1.)

Rule 58 of the Federal Rules of Civil Procedure is not required after an order disposing of a petition under Section 2255, because habeas proceedings represent a further step in the criminal case, not an independent civil case requiring an independent final judgment, . . . a motion under Rule 59(e) to amend or correct an order disposing of a Section 2255 may still be brought, although such an order is not a judgment." (internal citations and quotation marks omitted)). In these circumstances, the Court considers a motion made under Rule 59(e) as a motion for reconsideration. *See United States v. Clark*, 984 F.2d 31, 32-34 (2d Cir. 1993) ("We conclude that a motion to reconsider a section 2255 ruling is available [and] that it is to be treated as a Rule 59(e) motion if filed within [thirty] days of entry of the challenged order.").

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Here, Petitioner argues that reconsideration is necessary "to correct errors of law or fact" and "prevent manifest injustice." (Pet'r's Mot. to Alter or Amend at 3.)

## III.   Discussion

### A.   Jurisdiction Over Petitioner's 2014 Motion for Extension of Time [Doc. # 69]

Petitioner argues that the Court should not have excluded the time elapsed while his 2014 motion for extension of time was pending from the equitable tolling analysis because the Court did have jurisdiction to grant the motion. (*Pet'r's Mot. to Alter or Amend* at 3-4.) However, under Second Circuit precedent a court may not rule on a motion for extension of time to file a § 2255 petition unless a § 2255 petition is also pending. In *Green v. United States*, 260 F.3d 78 (2d Cir. 2001), the court held that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if . . . the moving party requests the extension upon or after filing an actual section 2255 [petition]." 260 F.3d 79, 82 (2d Cir. 2001). Relying on *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000) (per curiam), the court reasoned that before the filing of the § 2255 petition there was no case or controversy before the court, so any opinion would be merely advisory. *Green,* 260 F.3d at 82.[3] All but one of the other circuits to consider this issue have followed *Green*'s lead. *United States v. Moore*, 56 Fed. Appx. 686, 687 (6th Cir. 2003) (per curiam); *United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (per curiam); *United States v. McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. 2005) (per curiam); *Swichkow v. United States*, 565 Fed. Appx. 840, 844 (11th Cir. 2014) (per curiam); *United States v. Glover*, No. 05–3110, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006) (per curiam). *But see United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013) ("[U]nder § 2255, a motion for an extension of time can be decided prior to a formal request for relief because the underlying prosecution satisfies Article III's case or controversy requirement.").

---

[3] Petitioner urges the Court to consider Judge Kearse's concurrence in *Green*, which argued that a motion for extension of time filed without an accompanying § 2255 petition should be considered in the equitable tolling analysis. (Pet'r's Mot. to Alter or Amend at 4-5.) *Green v. United States*, 260 F.3d 78, 85-86 (2d Cir. 2001) (Kearse, J., concurring). However, unlike the appellant in *Green*, Petitioner's time to file a § 2255 petition had expired before he filed the initial motion for extension of time.

Importantly, the Second Circuit has clarified that the § 2255 petition need not always be a separate pleading. Instead, "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered . . . to treat that motion as a substantive motion for relief under section 2255." *Green*, 260 F.3d at 83. Thus, whenever a petitioner files a freestanding motion for extension of time to file a § 2255 petition, a court must assess whether the motion "specif[ies] all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and [sets] forth in summary form the facts supporting each of the grounds thus specified." *Id*. But even under this lenient approach, the Court still would have lacked jurisdiction to consider Petitioner's initial motion. While the initial motion for extension stated Petitioner's intention to file a § 2255 petition, it did not specify any of the grounds for relief the petition would contain or any facts that could support such grounds. (*Csanadi*, No. 3:11cr239 (JBA), Mot. for Leave to File.)

**B.    § 2255 petition**

Petitioner's § 2255 petition raised two claims: (1) the warrant used to seize items from his residence was unconstitutional; and (2) his attorney was ineffective in failing to file an appeal. (May 4, 2016 Order at 16.) The Court found that even if it were to reach the merits of these arguments, Petitioner's § 2255 petition would have been denied. (*Id.* at 19.) While Petitioner preserved his right to appeal the Court's denial of his motion to suppress, the arguments raised in his § 2255 petition differed from those made, and thus preserved, in his motion to suppress. (*Id.* at 18.)

Petitioner's motion for reconsideration offers no additional support for Petitioner's § 2255 petition, instead reiterating arguments Petitioner has already made before the Court. (Pet'r's Mot. to Alter or Amend at 8-11.) Therefore, the Court will not alter its conclusion that

even if it were to reach the merits of Petitioner's § 2255 petition, the petition would be denied.[4]

###### C.      Certificate of Appealability

Lastly, Petitioner asks the Court to reconsider its denial of a Certificate of Appealability ("COA"). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted). The cases cited by Petitioner do not demonstrate the potential for such debate. Furthermore, as Petitioner acknowledges, his briefing on the original motion already presented these arguments to the Court. (Pet'r's Reply [Doc # 25] at 2.) Petitioner's request for reconsideration on the COA, therefore, is an impermissible "second bite at the apple." *Sequa Corp.*, 156 F.3d at 144.

#### IV.     Conclusion

Mr. Csanadi's Motion [Doc. # 21] to Alter or Amend Judgment pursuant to Rule of Civil Procedure Rule 59(e) is DENIED.

IT IS SO ORDERED.



_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut September 9, 2022

---

[4] It is not necessary to discuss Petitioner's other arguments regarding the Court's equitable tolling analysis because Petitioner's § 2255 petition lacks merit.